GUADALUPE ARROYO ORTIZ, Plaintiff and Appellant, *v.* PLAZA PROVISION COMPANY, Defendant and Appellee.

No. 9719.  Argued June 2, 1942.—Decided June 18, 1948.

890

*Bolívar Pagán* for appellant. *F. Fiddler, José G. González, Tomás I. Nido,* and *Mariano Canales,* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

Guadalupe Arroyo Ortiz brought, in the District Court of San Juan, an action for damages against Plaza Provision Company. In his complaint, he alleged, in substance, that he was an employee of the defendant; that in the course of his employment other employees who outranked him ordered him to go into the cold-storage room of defendant's establishment, which is at a very low temperature, and take out vegetables, meats, and other products; and that in consequence thereof the plaintiff contracted, first influenza and then tuberculosis; that he estimated at $10,000 the damages suffered by him and prayed that judgment be rendered in his favor for that amount, together with costs and attorney's fees.

The defendant in its answer alleged that the complaint did not state facts sufficient to constitute a cause of action, and at the beginning of the trial it also set up that the court lacked jurisdiction to take cognizance of the case. The privileged questions thus raised were not forthwith decided by the court, which reserved its decision thereon and proceeded to hear the case on its merits. Subsequently, it rendered judgment sustaining the motion for want of jurisdiction.

From that judgment the plaintiff has appealed, and he assigns as errors the action of the court in declining to assume jurisdiction of the case and in failing to consider the evidence introduced by the parties at the trial.

Section 2 of Act No. 45 of April 18 of 1935 (Laws

of 1935, p. 250), as amended by Act No. 162 of May 14, 1943 (Laws of 1943, p. 526), provides that its provisions shall be applicable to all such workmen and employees as suffer injury, are disabled, or lose their lives by reason of accidents caused by any act or function inherent in their work or employment, when such accidents happen in the course of said work or employment and as a consequence thereof; or such as suffer disease or death caused by occupations specified in the following Section. Section 3, as amended by said Act of 1943, provides that every workman or employee who suffers an injury or an occupational disease shall be entitled to medical attendance and to the compensation specified therein. There is set forth in said Section a "table of occupational diseases"; but tuberculosis is not included among them.

In *Cardona* v. *Industrial Commission*, 53 P.R.R. 259, the workman contracted tuberculosis while employed as a janitor in a public school. He applied to the Industrial Commission and the latter rendered an adverse decision, whereupon he instituted a proceeding for review in this Court. We held that said disease is not one of the occupational diseases enumerated in § 3 of the Act and, consequently, that the decision of the Industrial Commission should not be disturbed.

In 1946, § 3–A was added by Act No. 401 of April 23 (Laws of 1946, p. 1092) to Act No. 45 of 1935. It is provided in said Section, among other things, that:

"Section 3–A.—In addition to the occupational diseases set forth in the preceding section, pleuro-pneumonic injuries of a tuberculous origin acquired during the course of work and as a consequence thereof, by persons in contact with said disease for services rendered in sanatoriums, centers, or hospitals of the insular or municipal government, or of private persons or entities, where patients suffering from pulmonary tuberculosis are treated, shall be considered as such, and shall be entitled to compensation; . . ."

This addition does not cover the case of the plaintiff herein either, since it is not one in which the workman was in

contact with persons who suffered from tuberculosis or, in which he rendered services in a sanatorium, center, or hospital where patients suffering from said disease are treated. Therefore, the conclusion is clear that the plaintiff is not covered by the Workmen's Accident Compensation Act, either under the doctrine laid down in *Cardona* v. *Industrial Commission, supra,* or under the provisions of the aforesaid § 3–A.

██ The complaint contains no allegation as to whether or not the defendant is an insured employer. In such case, the complaint should be treated as if it specifically alleged that Plaza Provision Co. is an insured employer. *Onna* v. *The Texas Co.,* 64 P.R.R. 497. Could the plaintiff, however, under those circumstances, file in the District Court of San Juan an action for damages against the defendant? This question should be answered in the affirmative. We have already seen that tuberculosis is not an occupational disease covered by the Workmen's Accident Compensation Act. Nevertheless, according to § 20 thereof, when an employer insures his workmen or employees in accordance with the Act, the right therein established to obtain compensation shall be the only remedy against the employer; *but in case of accident to, or disease or death of, the workmen or employees not entitled to compensation, the liability of the employer is, and shall continue to be, the same as if the Workmen's Accident Compensation Act did not exist.* (Italics ours.) It is further provided, in § 16, that in cases of diseases not subject to the provisions of the Act, the liability of the employer shall be the same as if said Act did not exist, regardless of any action which the workman may have in accordance with the provisions of § 1802 of the Civil Code, and the action should be brought in the district court of the district in which the accident occurred.

That being so, §§ 20 and 16 authorize an action like the one brought herein. The fact that the defendant is an insured employer is not important in this case. What is

decisive is that tuberculosis is not a compensable disease and that, in such case, the liability of the employer shall be the same as if the Workmen's Accident Compensation Act did not exist. Undoubtedly, it was an error of the lower court to refuse jurisdiction.

However, as regards the second error assigned, in view of the conclusion we have reached above, we deem it advisable to remand the case to the District Court of San Juan in order that the latter, which saw and heard the witnesses testify, should weigh the evidence already introduced and render the proper judgment on the merits of the case.[1] Said court is in a better position to do that than we are. Of course, in deciding the case the lower court must bear in mind that, pursuant to the cited provision of the Civil Code, the evidence for the plaintiff should show not only that he entered into defendant's cold-storage room and that in consequence thereof he contracted tuberculosis, but also, that the fault or negligence of the defendant was the proximate cause of the damage claimed by him.

The judgment appealed from should be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice De Jesús did not participate herein.

---

[1] Section 306 of the Code of Civil Procedure—

"When the judgment, order or decree of the court below shall be reversed, the court shall proceed to render such judgment, order or decree as the court below should have rendered, except when it is necessary that some matters of facts be ascertained, or the damage to be assessed or the matter to be decreed is uncertain, in any of which cases the cause shall be remanded for a new trial in the court below."